# Funding of State Department Settlements of Foreign Tort Claims

Because 22 U S.C. § 2669(f) expressly authorizes the Secretary of State to pay settlements of foreign tort claims from funds appropriated for the activities included in the State Department Basic Authorities Act or from funds "otherwise available," the payment of such settlements is "otherwise provided for" within the meaning of 31 U.S.C. § 1304(a), and therefore the Judgment Fund is not available for the payment of such settlements.

June 18, 1997

MEMORANDUM OPINION FOR THE ASSISTANT ATTORNEY GENERAL
CIVIL DIVISION

You have asked whether the Judgment Fund, 31 U.S.C. § 1304 (1994 & Supp. II 1996), is available to pay for settlements of tort claims arising in foreign countries pursuant to 22 U.S.C. § 2669(f) (1994). The Torts Branch of the Civil Division has concluded that such settlements are payable from the State Department's agency appropriation and that the Judgment Fund is therefore not available.[1] The State Department, relying on a 1980 opinion of the Comptroller General, concludes that its agency funds are not available for the payment of such settlements and that the Judgment Fund is available.[2] Because § 2669 expressly authorizes the Secretary of State to pay settlements of foreign tort claims from funds appropriated for the activities included in the State Department Basic Authorities Act, ch. 841, § 2, 70 Stat. 890 (1956), or from funds "otherwise available," we have concluded that the Judgment Fund is not available for the payment of such settlements.

## I. Background

### A. *The Judgment Fund*

In 1956, Congress established a permanent and indefinite appropriation to pay certain final judgments, compromise settlements, and interest and costs. Supplemental Appropriation Act, ch. 748, § 1302, 70 Stat. 678, 694 (1956). This "Judgment Fund" is the proper source of payment for a particular judgment or settlement under three conditions. First, the payment may not be "otherwise provided for," i.e., there must be no other appropriation that lawfully can be used for payment. Second, the payment must be certified by the Director of the Office of

---

[1] Memorandum for Dawn Johnsen, Acting Assistant Attorney General, Office of Legal Counsel, from Frank W. Hunger, Assistant Attorney General, Civil Division, *Re Funding of State Department Settlements of Foreign Tort Claims* (Jan 16, 1997)

[2] *See* Letter for Frank W Hunger, Assistant Attorney General, Civil Division, from Michael J Matheson, Acting Legal Adviser, Department of State, Enclosure 2 at 4 ("State Analysis")

Management and Budget ("OMB").[3] Finally, the judgment or settlement must be payable under one of several listed statutes or under a decision of a board of contract appeals. 31 U.S.C. § 1304(a)(3) (1994).[4]

Agency operating appropriations are not generally available to pay judgments and compromise settlements. Thus, prior to the creation of the Judgment Fund, most agencies had to seek a specific appropriation from Congress to pay any judgment imposed on them. This cumbersome process led to undue delay in payment, resulting in excess charges for interest. The Judgment Fund was designed to address this problem by eliminating the need for Congress to pass specific appropriations bills for the payment of judgments that were not "otherwise provided for." [5] When an agency has specific and express statutory authority to pay judgments and settlements out of its own revenues, however, judgments continue to be payable out of those funds rather than the Judgment Fund.

### B. *State Department Authority to Pay Settlements Under § 2669(f)*

The Federal Tort Claims Act ("FTCA") authorizes the head of each federal agency to adjust, compromise or settle any tort claim for money damages against the United States caused by the negligence of its employees while acting within the scope of their office or employment. 28 U.S.C. § 2672 (1994). Settlements of less than $2500 are paid by the head of the agency from available agency appropriations. Awards of more than $2500 are paid "in a manner similar to judgments and compromises in like causes." *Id.* Thus to determine the proper source of payment for the settlement of a claim of more than $2500, one must determine the proper source of payment for a judgment arising from a similar claim. If a judgment for a similar tort claim would be payable from the Judgment Fund, the settlement of the claim also will be payable from the Judgment Fund. If, however, a judgment for a similar claim would be payable from agency funds, the agency must use its available funds to pay the settlement.

While tort claims arising in a foreign country generally are excluded from the provisions of the FTCA, 28 U.S.C. § 2680(k) (1994), Congress has granted certain agencies the authority to settle such claims. Section 2 of the State Department Basic Authorities Act of 1956, 70 Stat. 890, as amended, authorizes the Secretary

---

[3] Section 1304(a) provides for certification by the Comptroller General. As of June 30, 1996, however, this function was transferred to the Director of OMB. Legislative Branch Appropriations Act, 1996, Pub L No 104–53, § 211, 109 Stat 514, 535 (1995) (codified at 31 U S C § 501 note (1994)) *

* Editor's Note· On October 19, 1996, § 1304(a) was amended again, this time to provide for certification by the Secretary of the Treasury. *See* General Accounting Office Act of 1996, Pub L No 104–316, tit II, § 202(m), 110 Stat 3826, 3843 (codified at 31 U.S C. § 1304(a) (Supp II 1996))

[4] The statutes include §§ 2414, 2517, 2672, and 2677 of title 28, 31 U S C. § 3723, and certain other specified acts

[5] *See Availability of the Judgment Fund for the Payment of Judgments or Settlements in Suits Brought Against the Commodity Credit Corporation Under the Federal Tort Claims Act*, 13 Op O L C 362, 363 (1989), 3 Office of the General Counsel, United States General Accounting Office, *Principles of Federal Appropriations Law* 14–24 to 14–26 (2d ed. 1994) ("GAO Principles")

of State to "use funds appropriated or otherwise available to the Secretary" for several functions, including to

> pay tort claims, in the manner authorized in the first paragraph of section 2672, as amended, of title 28, when such claims arise in foreign countries in connection with Department of State operations abroad.

22 U.S.C. § 2669(f).[6] In 1996, Congress appropriated $1.7 billion "[f]or necessary expenses of the Department of State and the Foreign Service not otherwise provided for, including expenses authorized by the State Department Basic Authorities Act of 1956, as amended." Department of State and Related Agencies Appropriations Act, 1997, Pub. L. No. 104–208, 110 Stat. 3009, 3009–46 (1996).

### C. *Source of Funds for Settlements Made Pursuant to § 2669(f)*

The Torts Branch maintains that under the plain language of § 2669, an appropriation for that section is available to pay settlements of foreign tort claims under paragraph (f). If that agency appropriation is available, the settlements are "otherwise provided for" within the meaning of 31 U.S.C. § 1304, and the Judgment Fund is therefore not available.

The State Department contends that the Civil Division's analysis does not consider the full text of § 2669(f) and the legislative history of § 2672 of the FTCA, which is specifically referenced in paragraph (f). The State Department points to a 1980 opinion of the Comptroller General that considered whether settlements of foreign tort claims over $2500 under paragraph (f) were, like settlements for the same amount under the FTCA, payable from the Judgment Fund. *See* State Analysis at 2–5 (discussing Administrative Settlements of Tort Claims Arising in Foreign Countries, B–199449.OM, 1980 WL 16177 (C.G. Aug. 7, 1980) ("GAO Opinion")). That opinion concluded that when Congress enacted paragraph (f) and authorized the Secretary to pay settlements of foreign tort claims, Congress intended for those settlements to be paid in the same manner as domestic claims settled under § 2672 of the FTCA rather than paid in the manner of the other activities listed in § 2669. GAO Opinion at *3. Because FTCA claims over $2500 presently are payable from the Judgment Fund, the State Department concludes that settlements of more than $2500 made pursuant to § 2669(f) are payable from the Judgment Fund rather than from its operating appropriation. *See* State Analysis at 9–10.

Without expressing a view on the correctness of the GAO's interpretation of the law as it existed in 1980, the Torts Branch rejects the State Department's

---

[6] Section 2669 also authorizes the Secretary to provide for printing and binding outside of the United States; to settle claims of less than $15,000 presented by foreign governments; to obtain contract services abroad, to provide for official functions and courtesies, and to procure goods for use at Foreign Service posts. 22 U.S C § 2669

present reliance on the 1980 GAO opinion because § 2669 has since been amended.[7] In 1980, § 2669 provided that "[t]he Secretary of State, *when funds are appropriated therefor, may* . . . (f) pay tort claims, in the manner authorized in the first paragraph of section 2672, as amended, of title 28, when such claims arise in foreign countries in connection with Department of State operations abroad.'' 22 U.S.C. § 2669 (1976) (emphasis added). The authorization for the activities in § 2669 was thus conditioned on Congress making a specific appropriation.

In 1985, however, Congress replaced the conditional authorization with a permanent authorization, and made available additional funds to cover § 2669 activities. See Foreign Relations Authorization Act, Fiscal Years 1986 and 1987, Pub. L. No. 99–93, § 114, 99 Stat. 405, 411 (1985). The amended statute provides that "[t]he Secretary of State *may use funds appropriated or otherwise available to the Secretary to* . . . (f) pay tort claims, in the manner authorized in the first paragraph of section 2672, as amended, of title 28, when such claims arise in foreign countries in connection with Department of State operations abroad.'' 22 U.S.C. § 2669 (emphasis added). The Torts Branch contends that the statute now permits the Secretary to pay for settlements without a specific appropriation, and that the Judgment Fund therefore is not available.

## II. Analysis

Whether the Judgment Fund is available for payment of foreign tort claims under § 2669(f) turns on whether the payment of those claims is "otherwise provided for'' within the meaning of 31 U.S.C. § 1304. Whether a payment is otherwise provided for is a question of legal availability rather than actual funding status. GAO Principles at 14–26. If any of the State Department's agency appropriations are lawful sources of payment for settlements under paragraph (f), payment is "otherwise provided for'' and the Judgment Fund is not available.

We begin with the text of § 2669. That section states that funds appropriated for the specific purposes listed in § 2669 and funds "otherwise available to the Secretary'' are available to pay settlements of foreign tort claims "in the manner authorized in the first paragraph of section 2672, as amended, of title 28.'' 22 U.S.C. § 2669(f). The first paragraph of § 2672, in turn, requires the Secretary to obtain the approval of the Attorney General for settlements of more than $25,000 and authorizes the Secretary to use arbitration. 28 U.S.C. § 2672.[8] The

---

[7] *See* Memorandum for Jeffrey Axelrad, Director, Torts Branch, Civil Division, from Tess Finnegan, Law Clerk, *Re: Use of State Department Funds to Settle Foreign Tort Claims, Reply Memorandum* (Dec 1996)

[8] The first paragraph of § 2672, in relevant part, states

The head of each Federal agency . . , in accordance with regulations prescribed by the Attorney General, may consider, ascertain, adjust, determine, compromise, and settle any claim for money damages against the United States for [torts committed by Federal employees]· *Provided,* That any award, compromise, or settlement in excess of $25,000 shall be effected only with the prior written approval of the Attorney

Continued

text of the first paragraph of § 2672 in no way limits or excepts the authorization to use funds appropriated under § 2669 to pay for settlements of foreign tort claims. Because § 2669 expressly makes those State Department appropriations available to pay foreign tort claims, the settlements are "otherwise provided for" and the Judgment Fund is not available.

We have considered the State Department's argument that, notwithstanding § 2669(f)'s direction that the Secretary pay foreign tort claims "in the manner authorized *in the first paragraph of section 2672,* as amended, of title 28," 22 U.S.C. § 2669(f) (emphasis added), Congress intended to incorporate all of the paragraphs and all subsequent amendments to § 2672 into § 2669(f). *See* State Analysis at 2–9 (citing GAO opinion). Because the third paragraph of § 2672 has been amended and now permits agencies to pay certain domestic tort claim settlements of more than $2500 from the Judgment Fund,[9] the State Department maintains that similar foreign tort settlements of this amount also are payable from the Judgment Fund.

We do not find this argument persuasive. First, when interpreting a statute of specific reference like § 2669(f), "only the appropriate parts of the statute referred to are considered." 2B Norman J. Singer, *Sutherland Statutes and Statutory Construction* § 51.08, at 192 (5th ed. 1992). By restricting the reference in paragraph (f) to the first paragraph of § 2672, Congress presumably intended to exclude the other paragraphs from application to payment of § 2669(f) settlements.

Nor do we agree that because Congress had amended the third but not the first paragraph of 28 U.S.C. § 2672 at the time it enacted § 2669(f), Congress necessarily intended to incorporate the amendments to the third paragraph of § 2672 into the payment of § 2669(f) claims. There is another, more plausible explanation for Congress's inclusion of the phrase "as amended" in § 2669(f). A statute of specific reference "incorporates the provisions referred to from the statute as of the time of adoption without subsequent amendments, unless the legislature has expressly or by strong implication shown its intention to incorporate subsequent amendments with the statute." 2B Norman J. Singer, *Sutherland Statutes and Statutory Construction* § 51.08, at 192 (5th ed. 1992). By specifically referring to the first paragraph of § 2672, "*as amended,*" Congress provided that any amendments to the first paragraph would be incorporated into § 2669(f). Had Con-

---

General .     . Notwithstanding the proviso contained in the preceding sentence, any award, compromise, or settlement may be effected without the prior written approval of the Attorney General . . , to the extent that the Attorney General delegates to the head of the agency the authority to make such award, compromise, or settlement. Such delegations may not exceed the authority delegated by the Attorney General to the United States attorneys to settle claims for money damages against the United States Each Federal agency may use arbitration, or other [specified] alternative means of dispute resolution . . , to settle any tort claim against the United States, to the extent of the agency's authority to award, compromise, or settle such claim without the prior written approval of the Attorney General . . . .

[9] The third paragraph of § 2672 states, in relevant part,

Payment of any award, compromise, or settlement in an amount in excess of $2,500 made pursuant to this section     . shall be paid in a manner similar to judgments and compromises in like causes and appropriations or funds available for the payment of such judgments and compromises are hereby made available for the payment of awards, compromises, or settlements under this chapter.

gress not included the phrase "as amended," § 2669(f) would have been inter-
preted as incorporating the $1000 cap on agency settlement authority contained
in the first paragraph of § 2672 in 1956, rather than incorporating any subsequent
amendments to the dollar cap or the other payment provisions in paragraph one.

Finally, we note that the GAO's interpretation of § 2669(f) fails to give any
effect to the words "first paragraph." In the normal case, every word Congress
uses in a statute should be given effect. *See, e.g., Feist Publications, Inc. v. Rural
Telephone Serv. Co.*, 499 U.S. 340, 358–59 (1991); *United States v. Menasche,*
348 U.S. 528, 538–39 (1955). Congress had no reason to specify "the first para-
graph" of § 2672 if it intended for all of the paragraphs of § 2672 to apply to
payments under § 2669(f). We thus conclude that § 2669(f) incorporates only the
provisions of the first paragraph of § 2672, and that the provisions of the third
paragraph authorizing payment from the Judgment Fund for certain settlements
do not apply to the State Department's settlement of foreign tort claims.

The State Department has advised us that because it has not budgeted funds
to cover these settlements, it is likely that the Secretary of State will cease to
settle foreign tort claims. *See* Letter for Frank W. Hunger, Assistant Attorney
General, Civil Division, from Michael J. Matheson, Acting Legal Adviser, Depart-
ment of State at 1–2 (Jan. 6, 1997). The State Department is concerned that this
will be an irritant in the United States' relations with foreign countries, and will
likely result in an increase in the number of suits filed against the United States
in foreign courts. *Id.*

Although we are sensitive to these policy implications, we believe that, in light
of the plain language of § 2669, the concerns the State Department expresses must
be addressed to Congress.[10] In this regard, the Department may wish to consider
working with the State Department to propose legislation that would make the
Judgment Fund available for settlements of foreign tort claims under § 2669(f).

## III. Conclusion

Because funds appropriated to the State Department for the activities listed in
section 2 of the State Department Basic Authorities Act of 1956 and funds other-
wise available to the Secretary are lawful sources of payment for settlements of
foreign tort claims made pursuant to § 2669(f), the Judgment Fund is not available.
The Secretary of State must comply with the first paragraph of 28 U.S.C. § 2672

---

[10] We also note that our conclusion is not entirely inconsistent with past practice After reviewing its records,
the Office of the Legal Adviser informed us that the Secretary used agency appropriations to pay for two foreign
tort settlements in the late 1970's

when settling such claims, but they are to be paid from State Department appropriations.

RICHARD L. SHIFFRIN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*